We turn to plaintiffs' motion for an order pursuant to Rule 56.1(a) directing a motion for submission upon the agency record.

This action, having been brought to review a final antidumping determination under section 1516a(a)(2) of the Tariff Act of 1930, as amended, is properly reviewable upon the agency record in accordance with Rule 56.1. *See:* 28 U.S.C. § 2640(b); 19 U.S.C. 1516a(b). Consequently, plaintiffs' application is granted, and plaintiffs are hereby directed to file their motion for review upon the agency record within five days of the entry of this order.

Further, it is ordered that defendant and intervenor shall have sixty days from service of plaintiffs' motion to respond.

PPG Industries, Inc., plaintiff *v.* United States, defendant

Court No. 81-9-01273

Before Rao, *Judge.*

Memorandum Opinion and Order

(Dated June 23, 1983)

Rao, *Judge:* In this civil action, plaintiff seeks review of the Department of Commerce, International Trade Administration's (ITA's) antidumping duty determination under section 751 of the Tariff Act of 1930, as amended, with respect to clear sheet glass from Taiwan.

Plaintiff has moved for an order to correct the diminution of the record and requiring the ITA to include in the record to be reviewed by the court the following documents:

(1) All documents relating to the calculations used by the Department of the Treasury in establishing the appraisement reports ("master lists") for clear sheet glass from Taiwan which were used in turn by the Department of Commerce in its administrative review;

(2) All documents, memoranda, orders, questionnaires, evaluations and other materials generated or received by the Department of Commerce in connection with possible transshipment of clear sheet glass by the Israeli International Trading Co., Ltd., including correspondence or other materials which first raised the question of whether such transshipments had been made or were likely to be made;

(3) All other documents related to the determination of the Commerce Department that no shipments related to the determination of the Commerce Department that no shipments of the subject merchandise to the United States occurred during the period of review, and/or related to the decision of the Department to rely on valuations pertinent to the assessment of antidumping duties made by the Treasury Department in 1976;

(4) All documents related to the decision of the ITA to refuse the plaintiff's request for a disclosure conference, and

(5) A corrected copy of the index to the record.

The defendant opposes this motion on the grounds that the record compiled by the ITA contains all the data which the ITA considered in its final review pursuant to section 751, *supra,* and that it did not rely on or utilize the documents which plaintiff seeks to have added to the administrative record, and that, therefore, they are not properly part of the record.

Plaintiff further moves for an order granting it leave to reply to defendant's opposition to its motion on the basis that the defendant is in error in its assertion that it is required to include in the record only those documents which it considered in the section 751 review. The defendant has filed an opposition to this second motion.

The question basic to these motions is what constitutes the administrative record for review in an antidumping action. The legislative history of the Trade Agreements Act of 1979, 96th Congress, 1st Session, House Document No. 96-153, Part II, Statements of Administrative Action, explicitly details what the record for review shall contain:

Record for Review.—The record before the court, unless otherwise stipulated by all interested parties participating, will consist of all information presented to, or obtained by, the Authority or the ITC, during the course of the proceeding. The record will include all government memoranda pertaining to the case and prepared by or for the Authority or ITC and presented to the person responsible for making a determination, or on which such person otherwise relied in making a determi-

> nation. Further, the record will include a copy of the determination to be reviewed, all transcripts or records of conferences or hearings conducted during the course of such proceeding, and all notices published in the Federal Register.

This language is clear in stating that the record before the court, absent stipulation to the contrary, consists of all information presented to or obtained by the Authority during the course of the proceeding and includes all government memoranda presented to the person responsible for making a determination, or on which such person otherwise relied in making the determination.

Thus, any data or memoranda not presented to, obtained by, considered or relied upon by the ITA, the authority in this case, regardless of whether they should have been so utilized or considered, are not part of the record in this case. Whether the ITA erred in not utilizing the data which plaintiff enumerated in its motion (*supra*), is a substantive matter, the issue ultimately to be decided on the merits by this court.

It it, therefore

ORDERED that plaintiff's motion for leave to reply to defendant's motion is hereby granted, and it is further

ORDERED that plaintiff's motion to correct diminution of the record is hereby denied.